UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN NETTLES,

        Plaintiff,                                  Case No. 1:22-cv-10615

v.                                                    Honorable Thomas L. Ludington
                                                           United States District Judge

DAVID DUFFETT,

                                                           Honorable Patricia T. Morris
        Defendant.                                 United States Magistrate Judge
_____/

**OPINION AND ORDER (1) SUSTAINING IN PART PLAINTIFF'S OBJECTION, (2) ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND (3) DISMISSING IN PART PLAINTIFF'S COMPLAINT**

This matter is before this Court on Plaintiff's objection to Magistrate Judge Patricia T. Morris's report and recommendation ("R&R") to dismiss Plaintiff's complaint in part. ECF No. 7. For the reasons stated hereafter, Plaintiff's objection will be sustained in part, Judge Morris's R&R will be adopted in part, and Plaintiff's complaint will be dismissed in part.

I.

In April 2019, Plaintiff Jonathan Nettles was arrested after his spouse accused him of sexually abusing his daughter. ECF No. 1 at PageID.4–6. Two years later, he was acquitted.[1] *Id.* Since then, Plaintiff has brought this *pro se* action and two others against the officials involved in his arrest and prosecution.[2] *See Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. filed Mar. 14, 2022); *Nettles v. Skabardis*, No. 1:22-CV-10499 (E.D. Mich. filed Mar. 7, 2022). This case

---

[1] The exact nature of Plaintiff's criminal case—including the charge—remains unclear.
[2] This case and the two others may be good candidates for consolidation at some point. *See* FED. R. CIV. P. 42(a) (If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

concerns Plaintiff's allegations against Bridgeport Township Police Chief David Duffett. ECF No. 1 at PageID.4–6.

Although lacking in detail, Plaintiff's complaint provides the basic facts.[3] In August 2018, Bridgeport Township Police Sergeant Skabardis and two other officers allegedly broke into Plaintiff's home, "forced [him] to the ground," and "arrested [him]." *Id.* at PageID.5. While Plaintiff was handcuffed, Sergeant Skabardis allegedly "choked [him] with both hands." *Id.* Plaintiff was released three days later without charge. *Id.* Plaintiff claims that Chief Duffett sent the officers to Plaintiff's home as a favor for Plaintiff's spouse, who is friends with Duffett. *Id.* While Plaintiff gives little additional background, he seems to imply that the arrest was part of his spouse's plan to "set [him] up" for sexual abuse. *Id.*

Two weeks after the arrest, Plaintiff's spouse filed for divorce and accused him of sexually abusing his daughter. *Id.* Sergeant Skabardis then returned to Plaintiff's home with an allegedly ill-gotten search warrant and "illegally seized and searched [his] personal belongings." *Id.* Several months after the search, investigators discovered a sexually explicit image of a child on a CD seized from Plaintiff's home. *Id.* Plaintiff was arrested and held without bond until trial. *Id.*

Plaintiff alleges that Chief Duffett violated his constitutional rights by directing the officers to arrest him as a favor for his spouse. *Id.* He also seeks to hold Chief Duffett liable for Sergeant Skabardis's use of force and other subsequent conduct. *Id.* Plaintiff has sued Chief Duffett in his individual and official capacities. *Id.* at PageID.2.

---

[3] This Court must liberally construe Plaintiff's complaint and accept all well-pleaded factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citation omitted)).

Because Plaintiff is proceeding *in forma pauperis*, ECF No. 5, Magistrate Judge Morris has screened his complaint for frivolous and otherwise improper claims, *see* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss [an *in forma pauperis*] case at any time if the court determines that— . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Based on her review, Judge Morris recommends that this Court "dismiss all claims except for [Plaintiff's] individual capacity, false arrest claim related to his August 2018 arrest." ECF No. 7 at PageID.15. Plaintiff objects to the dismissal of his official-capacity claims. ECF No. 8 at PageID.31.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to decide Plaintiff's objection on the papers. *See* E.D. Mich. LR 7.1(f)(2).

**II.**

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). And they cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing that evidence, this Court may accept, reject, or modify the magistrate judge's findings

and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

"[T]he failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (first citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); then citing *Thomas v. Arn*, 474 U.S. 140, 155, (1985)).

### III.

Judge Morris recommends that Plaintiff's official-capacity claims be dismissed because (1) "an official capacity claim against a government official is really a claim against the entity the official represents," ECF No. 7 at PageID.21 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); and (2) Plaintiff has not alleged an unconstitutional "policy or custom" for which Bridgeport Township could be held liable, *id.* Plaintiff argues that this recommendation is erroneous because Chief Duffett ordered the August 2018 arrest, and Chief Duffett is the "chief policymaker" for the Bridgeport Police Department. ECF No. 8 at PageID.32. Plaintiff's reasoning is persuasive.

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). There are several ways for a plaintiff to establish an unconstitutional policy or custom. *Id.* One way is to show that "an official with final decision making authority ratified illegal actions." *Id.* (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986) (holding that municipality could be held liable for prosecutor's decision "command[ing]" officers to

forcibly enter clinic); *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 904 (S.D. Ohio 2016) ("A police chief is often an official with final decision making authority.").

Plaintiff alleges that Chief Duffett "direct[ed]" Sergeant Skabardis and the other officers to arrest Plaintiff because he wanted to help Plaintiff's spouse. ECF No. 1 at PageID.5. The R&R did not address this allegation. Drawing all reasonable inferences in Plaintiff's favor, Chief Duffett's involvement provides a plausible ground for municipal liability. *See Pembaur*, 475 U.S. at 485 ("In ordering the Deputy Sheriffs to enter petitioner's clinic the County Prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under § 1983.").

Still, Plaintiff's allegations are not specific enough to cover all his official-capacity claims. At most, Plaintiff has alleged that Chief Duffett directed his officers to enter Plaintiff's home and to arrest him without probable cause. *See id.* Plaintiff has not, however, alleged any facts connecting Chief Duffett to Sergeant Skabardis's use of force or any other conduct. *See id.* This Court may not assume that Chief Duffett "had [a] reason to think" his officers would use excessive force merely because he directed them to make an illegal arrest. *See Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993) ("Ratification of a subordinate's action requires more than acquiescence—it requires affirmative approval . . . ."); *see also Thomas v. Lambert*, No. 1:19-CV-11046, 2022 WL 1274950, at *6 (E.D. Mich. Apr. 28, 2022) (holding that detective who approved deployment of tactical police team "had [a] reason to think" that the team would act in the way that it did based on testimony that similar conduct had occurred in the past under department "policy" (quoting *Ramage v. Louisville Cnty.*, 520 F. App'x 341, 348 (6th Cir. 2013) (unpublished))). Accordingly, Plaintiff's objection will be sustained, but only as to his claim for false arrest stemming from the August 2018 arrest.

- 6 -

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 8, is **SUSTAINED IN PART**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 7, is **ADOPTED IN PART**.

Further, it is **ORDERED** that all Plaintiff's claims except for his false-arrest claim relating to the August 2018 arrest are **DISMISSED**.

**This is not a final order and does not close the case**.


Dated: August 2, 2022                                    s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge